# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DEAN WATKINS,<br><br>                      Plaintiff,<br><br>v.<br><br>J. PICKETT, Acting Warden,<br><br>                      Defendant. | Case No. 3:20-cv-0979-BAS-JLB<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

Petitioner David Dean Watkins has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A).

## PETITION BARRED BY GATEKEEPER PROVISION

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his July 8, 2003 conviction in San Diego County Superior Court Case No. SCD1163340.  On January 9, 2007, Petitioner filed a Petition for Writ of Habeas Corpus in case number 07-cv-0196-W-POR.[1]  In that petition, Petitioner

---

[1] In the petition filed January 9, 2007, Petitioner's name appears on the docket as "David Dion Watkins." While in the current Petition, Petitioner lists his name as "David Dean Watkins," both Petitions include Petitioner's CDCR inmate number, V-04739, and reference the same July 8, 2003 San Diego County conviction in case number SCD1163340. (*See* ECF No. 1 at 1.)

challenged his July 8, 2003 conviction as well. On June 19, 2009, this Court denied the petition on the merits. *See Watkins v. Scribner*, 07-cv-0196-W-POR (ECF No. 27). Petitioner appealed that determination. (*See* ECF No. 29.) On October 20, 2010, the Ninth Circuit Court of Appeals affirmed the district court's decision. *See Watkins v. Small,* No. 08-56363 (9th Cir. Oct. 20, 2010); (*see* ECF No. 41).

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition). A successive application is permissible "only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction." 28 U.S.C. § 2244(b)(2). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals.

Further, Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and reasonable jurists would not find debatable this Court's assessment of his claims. *See* 28 U.S.C. § 2253(c). As such, a certificate of appealability is **DENIED**. *See* Rules Governing § 2254 Cases, Rule 11(a) (requiring the district court

that issues an order denying a habeas petition to either grant or deny a certificate of appealability).  *For Petitioner's convenience, the Clerk of Court shall attach a blank Ninth Circuit Application for Leave to File Second or Successive Petition.*

**IT IS SO ORDERED**.

DATED: May 28, 2020

Hon. Cynthia Bashant
United States District Judge